**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MSR HOTELS & RESORTS, INC.,[1] | ) Case No. 13-11512 (SHL) |
| | ) |
| Debtor. | ) |
| | ) |

**SCHEDULES OF ASSETS AND LIABILITES FOR**
**MSR HOTELS & RESORTS, INC.**

---

[1]    The debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is MSR Hotels & Resorts, Inc. (1873).  The location of the debtor's service address is:  c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

James H.M. Sprayregen, P.C.
Paul M. Basta, P.C.
Chad J. Husnick
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MSR HOTELS & RESORTS, INC.,[1] | ) Case No. 13-11512 (SHL) |
| | ) |
| Debtor. | ) |
| | ) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,**
**METHODOLOGIES, AND DISCLAIMERS REGARDING THE**
**SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT**
**OF FINANCIAL AFFAIRS OF MSR HOTELS & RESORTS, INC.**

The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "Statement") filed by the above-captioned debtor and debtor in possession (the "Debtor") were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtor, with the assistance of the Debtor's advisors and Pyramid Advisors, LP (d/b/a Pyramid Hotel Group) ("Pyramid"), and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Schedules of Assets and Liabilities and Statement of Financial Affairs of MSR Hotels & Resorts, Inc. (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and the Statement, and should be referred to and considered in connection with any review of the Schedules and the Statement.

---

[1]   The debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is MSR Hotels & Resorts, Inc. (1873).  The location of the debtor's service address is:  c/o CNL-AB LLC, 1251 Avenue of the Americas, New York, New York 10020.

While the Debtor has made reasonable efforts to ensure that the Schedules and the Statement are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred, or the Debtor may discover subsequent information that requires material changes to the Schedules and the Statement. Because the Schedules and the Statement contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and the Statement are complete.

The Schedules and the Statement have been signed by Daniel Kamensky, an authorized officer of the Debtor. In reviewing and signing the Schedules and the Statement, Mr. Kamensky necessarily relied upon the efforts, statements, and representations of the Debtor's advisors and Pyramid. Mr. Kamensky has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in the Schedules or the Statement. Furthermore, the fact that the Debtor has prepared Global Notes or specific notes with respect to any information in the Schedules and the Statement and not to other information in the Schedules and the Statement should not be interpreted as a decision by the Debtor to exclude the applicability of such Global Notes or specific notes to the rest of the Schedules and the Statement, as appropriate.

Disclosure of information in the Schedules or the Statement, or one or more exhibits or attachments thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statement, exhibit, or attachments.

1.  <u>Description of Case</u>. On May, 8, 2013 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  <u>"As Of" Information Date</u>. It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources of the Debtor for the Debtor to obtain current market valuations of all of its assets. Accordingly, the asset information provided herein, except as otherwise noted, represents the asset data of the Debtor as of April 30, 2013. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtor reserves its right to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and the Statement.

3.  <u>General Reservation of Rights</u>. Reasonable efforts have been made to prepare and file the Schedules and the Statement in a complete and accurate manner; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Schedules and the Statement from time to time, in all respects, as may be

2

necessary or appropriate, including the right to amend the Schedules and the Statement with respect to any claim ("Claim") description, designation, or entity against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and the Statement as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and the Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor.  Furthermore, nothing contained in the Schedules and the Statement shall constitute a waiver of rights with respect to this chapter 11 case, including issues involving Claims, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.      Basis of Presentation.  For financial reporting purposes, before the Petition Date, the Debtor prepared financial statements on a consolidated basis with certain of its current and former affiliates, which were audited annually before 2011.  Combining the assets and liabilities set forth in the Schedules and the Statement would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, the Schedules and the Statement do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with the consolidated financial statements prepared by the Debtor.  Information contained in the Schedules and the Statement has been derived from the Debtor's books and records and historical financial statements.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent the Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

5.      Comprehensive Enterprise.  Due to the nature of the Debtor's operations, certain Claims set forth in the Schedules and the Statement may more appropriately be an obligation of another legal entity, including the Debtor's affiliates and Pyramid.  Although diligent efforts have been made to set forth open payable amounts and Claims on the Schedules and the Statement, the Debtor reserves the right to modify or amend the Schedules and the Statement to attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate, at the Debtor's sole and absolute discretion.

6.      Causes of Action.  Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and the Statement, including causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant

3

nonbankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither the Global Notes nor the Schedules and the Statement shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

7.  Recharacterization. The Debtor has made reasonable efforts to characterize, classify, categorize, and designate correctly the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and the Statement. Nevertheless, the Debtor may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all of its rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and the Statement at a later time as necessary or appropriate as additional information becomes available, including as to existence of any Claim and the executory or unexpired nature (or non-executory or expired nature) of contracts or leases identified herein.

8.  Liabilities. The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and the Statement. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtor reserves the right to amend the Schedules and the Statement as it deems appropriate in this regard in its sole and absolute discretion.

9.  Excluded Assets and Liabilities. The Debtor has excluded certain categories of assets and liabilities from the Schedules and the Statement. The Debtor also has excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist. In addition, certain immaterial or de minimis assets and liabilities may have been excluded.

10.  Intellectual Property Rights. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtor

4

reserves all of its rights with respect to the legal status of any and all intellectual property rights.

11.  <u>Estimates</u>.  To prepare and file the Schedules within 14 days of the Petition Date, the Debtor was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

12.  <u>Fiscal Year</u>.  The Debtor's fiscal year ends on December 31.

13.  <u>Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

14.  <u>Executory Contracts</u>.  Despite its diligent attempts, the Debtor may have inadvertently failed to attribute each executory contract or unexpired lease to the applicable entities party to such contract or lease.  Accordingly, the Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend <u>Schedule G</u>.  In addition, although the Debtor has attempted to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on <u>Schedule G</u> does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease.

15.  <u>Insiders</u>.  The Debtor has attempted to include all payments made on or within the twelve months before the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (a) any individual or entity owning five percent or more of the voting or equity securities of a Debtor, (b) any individual that has served as either an officer or director of a Debtor within the last 12 months, or (c) any entity related to any of the foregoing.  The listing of a party as an "insider," however, is not intended to be and should not be construed as a legal characterization of such party as an insider and does not constitute an admission of any fact, Claim, right, or defense, and all such rights, Claims, and all defenses are hereby expressly reserved.

16.  <u>Totals</u>.  All totals that are included in the Schedules and the Statement represent totals of all known amounts included in the Schedules and the Statement.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.  The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

17.  <u>Setoffs</u>.  The Debtor incurs certain offsets and other similar rights during the ordinary course of its business.  Offsets in the ordinary course can result from various items. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules and the Statement.

K&E 25884793

18. <u>Global Notes Control</u>.  In the event that the Schedules and the Statement differ from the Global Notes, the Global Notes shall control.

## **Specific Disclosures with Respect to the Schedules**

19. <u>Schedule A</u>.  Real property is reported at appraised value. The Debtor may have listed certain assets as real property when such assets are in fact personal property, or the Debtor may have listed certain assets as personal property when such assets are in fact real property. The Debtor reserves all of its rights to recategorize or recharacterize such asset holdings to the extent the Debtor determine that such holdings were listed incorrectly.

20. <u>Schedule B</u>.  Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and the Statement, including avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant nonbankruptcy laws to recover assets.  The Debtor reserves all of its rights with respect to any claims, causes of action, or avoidance actions that it may have, and neither these Global Notes nor the Schedules and the Statement shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims

21. <u>Schedule B(13) and B(14)</u>.  Ownership interests in subsidiaries have been listed in <u>Schedules B(13)</u> and <u>B(14)</u> as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

22. <u>Schedule B(16)</u>.  The Debtor has disclosed the net book value with respect to accounts receivable listed on <u>Schedule B(16)</u>, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of <u>Schedule B(16)</u>, "doubtful accounts" are those accounts that the Debtor has identified as unlikely to be paid given the amount of time such accounts have been outstanding and/or other factors.

23. <u>Schedule D</u>.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtor and its estate reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on <u>Schedule D</u>.  Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a lien has been undertaken.  Further, while the Debtor has included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien.  The Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in <u>Schedule D</u> are intended to be a summary only.  The Debtor has not included on <u>Schedule D</u> parties that may believe their claims are secured through

6

setoff rights or inchoate statutory lien rights or real property lessors, and other parties which may hold security deposits.

24.    <u>Schedule E</u>.  The listing of any claim on <u>Schedule E</u> does not constitute an admission by the Debtor that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtor reserves all of its rights to dispute the amount and the priority status of any claim on any basis at any time.  All claims listed on the Debtor's <u>Schedule E</u> are claims owing to various taxing authorities to which the Debtor may potentially be liable.  Certain of such claims, however, may be subject to ongoing audits and the Debtor are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on <u>Schedule E</u>.  Accordingly, the Debtor has listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

On February 1, 2011, certain affiliates of the Debtor (the "<u>Non-REIT Debtors</u>") filed for chapter 11 protection in the Court.  On February 28, 2013, the Non-REIT Debtors effectuated a sale transaction of substantially all of their assets under a chapter 11 plan of reorganization that will result in significant U.S. federal income tax and other tax liabilities against the Debtor for the 2013 tax year.  Because these tax liabilities are dependent on a number of unresolved contingencies, the Debtor is not in a position to provide an accurate estimate of these tax liabilities for the Schedules and the Statement.

25.    <u>Schedule F</u>.  Certain creditors listed on <u>Schedule F</u> may owe amounts to the Debtor and, as such, the Debtor may have valid setoff or recoupment rights with respect to such amounts.  The amounts listed on <u>Schedule F</u> do not reflect any such right of setoff or recoupment and the Debtor reserves all rights to assert any such setoff or recoupment rights.  Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtor for amounts listed on <u>Schedule F</u>.  The Debtor reserves its right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on <u>Schedule F</u>.

In addition, certain claims listed on <u>Schedule F</u> may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

26.    <u>Schedule G</u>.  While the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts of the Debtor, and although reasonable efforts have been made to ensure the accuracy of <u>Schedule G</u>, inadvertent errors, omissions, or inclusions may have occurred.  The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth on <u>Schedule G</u>.  The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in <u>Schedule G</u> and to amend or supplement <u>Schedule G</u> as necessary.  The contracts, agreements, and leases listed on <u>Schedule G</u> may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents.  The contracts, agreements, and leases set

7

forth in Schedule G may also have been entered into by affiliates or other entities on behalf of the Debtor.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtor hereby reserves all of its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary.  The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature, or non-executory or expired nature, respectively, of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Debtor reserves all rights in that regard, including that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

27.    Schedule H.  In the ordinary course of its business, the Debtor is involved in pending or threatened litigation and claims arising out of the conduct of its business.  The "codebtors" identified in Schedule H have not filed voluntary petitions for relief in this chapter 11 case.  Furthermore, some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are listed elsewhere in the Schedules or the Statement, they have not been set forth individually on Schedule H.  Further, the Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

### Specific Disclosures with Respect to the Debtor's Statement

28.    Statement 1.  The Debtor leases certain office space in Orlando, Florida from CNL Plaza Ltd. (the "Lessor"), which office space the Debtor subleases to certain sublessees (the "Sublessees").  Rent paid by the Sublessees is not generally recorded in the Debtor's financial statements as income, nor does it constitute income under GAAP.  In Statement 1, out of an abundance of caution, the Debtor has included rent paid by the Sublessees as income.  The Debtor reserves all of its rights, subject to applicable law, to reclassify the rent paid by the Sublessees on the Statement or any other financial statement or other disclosure in its sole and absolute discretion.

29.    Statement 3(b).  The response to Statement 3(b) does not include checks that were either voided or not presented before the Petition Date.  Certain payments reflected in certain Debtor's responses to Statement 3(b) and Statement 3(c) may relate to payments made to affiliates that, in turn, remitted such payments to vendors or other creditors providing services to the Debtor entity making such payment.

8

30. <u>Statement 3(c)</u>.  Unless otherwise indicated in a Debtor's response to <u>Statement 3(c)</u>, the Debtor has included a comprehensive response to <u>Statement 3(c)</u> in <u>Statement 23</u>.

31. <u>Statement 4(a)</u>.  The Debtor reserves all of its rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of any such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor or any of its current or former affiliates.  The Debtor also reserves its rights to assert that neither the Debtor nor any non-Debtor affiliate is an appropriate party to such actions or proceedings.  Finally, to the extent the Debtor (formally or informally) disputes property valuations or tax assessments, such disputes are not listed on <u>Statement 4(a)</u>.

32. <u>Statement 8</u>. The Debtor occasionally incurs losses for a variety of reasons.  The Debtor, however, may not have records of all such losses to the extent such losses do not have a material effect on the Debtor's businesses or are not reported for insurance purposes.

33. <u>Statement 19(d)</u>.  Before the Petition Date, consolidated financial information with respect to the Debtor and certain of its current and former affiliates may have been provided to banks, customers, suppliers, rating agencies, and other various interested parties from time to time.

34. <u>Statement 23</u>.  Unless otherwise indicated in a Debtor's response to <u>Statement 3(c)</u>, the Debtor has included a comprehensive response to <u>Statement 3(c)</u> in <u>Statement 23</u>.  As discussed above, the inclusion of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

9

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Southern District of New York

In re   MSR Hotels & Resorts, Inc._____,        Case No.   13-11512-SHL_____
Debtor

Chapter   11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 24,120.00 | | |
| B - Personal Property | Yes | 9 | $ 1,611,304.71 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 59,529,686.34 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $ Unliquidated | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 122,817.29 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | No | 0 | | | $ 0.00 |
| TOTAL | | 18 | $ 1,635,424.71 | $ 59,622,503.63 | |

B6A (Official Form 6A) (12/07)

In re   MSR Hotels & Resorts, Inc.                                   ,          Case No.   13-11512-SHL
                    **Debtor**                                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Vacant Parcel Memphis, Tennessee | Owned | | $324.00 - $24,120.00 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total➤ | 24,120.00 | |

(Report also on Summary of Schedules.)

In re   MSR Hotels & Resorts, Inc.                          ,          Case No.   13-11512-SHL
          **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | 0.00 |
| 2.  Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | See attached Schedule B2 | | 160,046.42 |
| 3.  Security deposits with public util-ities, telephone companies, land-lords, and others. | | See attached Schedule B3 | | 627,529.29 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | 0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | 0.00 |
| 6.  Wearing apparel. | X | | | 0.00 |
| 7.  Furs and jewelry. | X | | | 0.00 |
| 8.  Firearms and sports, photo-graphic, and other hobby equipment. | X | | | 0.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached Schedule B9 | | Unknown |
| 10. Annuities.  Itemize and name each issuer. | X | | | 0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | 0.00 |

B 6B (Official Form 6B) (12/07) -- Cont.

In re   MSR Hotels & Resorts, Inc.                        ,                Case No.   13-11512-SHL
        **Debtor**                                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached Schedule B13 | | Unknown |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | 0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | 0.00 |
| 16. Accounts receivable. | X | | | 0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | 0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | 0.00 |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  MSR Hotels & Resorts, Inc.                              ,          Case No.  13-11512-SHL
              **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | | See attached Schedule B22 | | Unknown |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | 0.00 |
| 26. Boats, motors, and accessories. | X | | | 0.00 |
| 27. Aircraft and accessories. | X | | | 0.00 |
| 28. Office equipment, furnishings, and supplies. | | See attached Schedule B28 | | 823,729.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | 0.00 |
| 30. Inventory. | X | | | 0.00 |
| 31. Animals. | X | | | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | 0.00 |
| 33. Farming equipment and implements. | X | | | 0.00 |
| 34. Farm supplies, chemicals, and feed. | X | | | 0.00 |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | 0.00 |

                        7   continuation sheets attached    Total►  $        1,611,304.71

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

## Schedule B2

### Bank Accounts

| BANK/FINANCIAL INSTITUTION | ADDRESS | CITY | STATE OR PROVINCE | ZIP | ACCOUNT # | BALANCE |
|---|---|---|---|---|---|---|
| Bank of America | 101 South Tryon Street | Charlotte | NC | 28280 | ********0320 | $125,142.19 |
| Barclays Private Client International Ltd. | P.O. Box 8 13 Library Place | St. Helier | Jersey, U.K. | JE4 8NE | ****6255 | $25,535.99[1] |
| Barclays Private Client International Ltd. | 234 Simcoe Street | Toronto | Ontario, Canada | M5T 1T4 | ***5459 | $9,368.24[2] |
| | | | | | Total | $160,046.42 |

---

[1]   This bank account held CAD $25,814.32 as of May 7, 2013.  The cash balance assumes an exchange rate of USC $1.00 per CAN $.99 as of May 22, 2013.  Cash held on behalf of Montreal Hotel Jersey Trust, a former subsidiary of MSR Hotels & Resorts, Inc. that no longer exists and that did not maintain separate books and records during is existence.

[2]   This bank account held CAD $9,462.87 as of May 7, 2013.  The cash balance assumes an exchange rate of USC $1.00 per CAN $.99 as of May 22, 2013.  Cash is held on behalf of CNL Montreal Tenant, Inc., a former subsidiary of MSR Hotels & Resorts, Inc. that no longer exists and that did not maintain separate books and records during its existence.

## Schedule B3

### Security Deposits

| FINANCIAL INSTITUTION | ADDRESS | CITY | STATE OR PROVINCE | ZIP | ACCOUNT # | BALANCE |
|---|---|---|---|---|---|---|
| Bank of America | 101 South Tryon Street | Charlotte | NC | 28280 | *****3913 | $252,529.29[3] |
| Bank of America | 101 South Tryon Street | Charlotte | NC | 28280 | *****5699 | $150,000.00 |
| Travelers Insurance | One Tower Square, 8MS | Hartford | CT | 06183 | N/A | $225,000.00 |
| | | | | | **Total** | $627,529.29 |

---

[3] Current balance exceeds underlying letter of credit by approximately $2,529.29.

## Schedule B9

### Interests in Insurance Policies

| INSURER | POLICY NUMBER | TYPE | POLICY PERIOD | BENEFICIARY | INSURED PARTY |
|---------|--------------|------|---------------|-------------|---------------|
| Indian Harbor Insurance Company | ELU124458-12 | Primary D&O Coverage | February 28, 2013, to February 28, 2014 | MSR Hotels & Resorts, Inc. and certain affiliates and their respective officers and directors | CNL-AB LLC |
| Indian Harbor Insurance Company | ELU124458-12 | D&O Runoff Coverage | January 28, 2012, to February 28, 2020 | MSR Hotels & Resorts, Inc. and certain affiliates and their respective officers and directors | CNL-AB LLC |
| Illinois National Insurance Company | 01-544-02-06 | D&O Runoff Coverage | February 28, 2014 to February 28, 2020 | MSR Hotels & Resorts, Inc. and certain affiliates and their respective officers and directors | CNL-AB LLC |
| Berkeley Professional Liability | 18005686 | Excess Side A D&O Liability Insurance | January 28, 2012, to February 28, 2020 | MSR Hotels & Resorts, Inc. and certain affiliates and their respective officers and directors | CNL-AB LLC |
| Travelers Insurance Co. | Y-660-5235n105-TIL-12 | Contingent Liability | May 10, 2012, to May 10, 2013 | CNL-AB, LLC and certain of its affiliates, including MSR Hotels & Resorts, Inc., and their respective officers and directors | Pyramid Advisors LP |

## Schedule B13

### Stock and Interests in Incorporated and Unincorporated Businesses

| CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|
| 99% equity interest in MSR Hospitality Services, Inc. | Unknown |
| 100% percent equity interest in MSR Hospitality LP Corp. | Unknown |
| 100% percent equity interest in MSR Hospitality GP Corp. | Unknown |

**Schedule B22**

**Patents, Copyrights, and other Intellectual Property**

| SERIAL NUMBER | REGISTRATION NUMBER | JURISDICTION | DESCRIPTION |
|---|---|---|---|
| 76,293,646 | 2,638,986 | United States | Arizona Biltmore Resort & Spa |
| 76,292,467 | 2,668,361 | United States | Arizona Biltmore Resort & Spa & Design |
| 75,584,675 | 2,533,245 | United States | Celestial Shower |
| -- | CA-051394 | California | Dunes Course |
| 74,540,832 | 2,022,400 | United States | Flower & Design |
| 75,699,464 | 2,415,265 | United States | Grand Wailea |
| 75,701,069 | 2,397,289 | United States | Grand Wailea & Design |
| 78,280,589 | 3,524,180 | United States | La Quinta |
| 75,666,442 | 2,397,149 | United States | La Quinta & Design |
| 74,542,165 | 2,342,039 | United States | La Quinta Resort & Club |
| 74,540,775 | 2,147,965 | United States | La Quinta Resort & Club & Design |
| 74,498,057 | 1,885,469 | United States | Miscellaneous Design (Biltmore Block) |
| 75,699,463 | 2,341,049 | United States | Miscellaneous Design (Stylized design resembling 5-leafed clover) |
| -- | CA-051396 | California | Mountain Course |
| -- | CA-043648 | California | PGA West |
| -- | CA-101285 | California | PGA West & Design |
| 75,837,152 | 2,391,644 | United States | Sacred Stone Therapy |
| 75,699,465 | 2,508,506 | United States | Spa Grande |
| 75,584,676 | 2,367,747 | United States | Spa La Quinta |
| 75,583,151 | 2,367,741 | United States | Spa La Quinta & Design |
| 76,261,109 | 2,527,472 | United States | Sun Over Mountains Design |
| -- | CA-045007 | California | The Club at PGA West |
| 74,707,392 | 2,279,591 | United States | Western Home of Golf in America |
| 75,473,979 | 2,380,331 | United States | Western Home of Golf in America |

## **Schedule B28**

### **Office Equipment, Furnishings, and Supplies**

MSR Hotels and Resorts, Inc. owns certain office furnishings that are located at office space leased by the Debtor at 420 South Orange Avenue, Orlando, Florida 32801. The office furniture, which has an assessed value of approximately $823,729 and has been fully depreciated, is utilized by certain sublessees that occupy the leased office space. Further detail regarding the Debtors' subleases is set forth in **Schedule G**.

B 6D (Official Form 6D) (12/07)

In re  MSR Hotels & Resorts, Inc.                    ,          Case No.    13-11512-SHL
              **Debtor**                                                              **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Midland Loan Services, Inc.<br>Attn: Kevin S. Semon<br>10851 Mastin, 6th Floor<br>Overland Park, KS 66210 | X | | Lien on resort marks, licenses, and other IP assets<br>_____<br>VALUE $ | X | X | X | 59,129,686.34 | 0.00 |
| ACCOUNT NO.<br><br>Zurich American Insurance Company<br>Tower 2, 9th Floor<br>1400 American Lane<br>Schaumburg, IL 60196-1056 | | | Lien on letters of credit<br>_____<br>VALUE $ | X | | | 250,000.00 | 0.00 |
| ACCOUNT NO.<br><br>Hartford Fire Insurance Company<br>One Hartford Plaza<br>Hartford, CT 06155 | | | Lien on letters of credit<br>_____<br>VALUE $ | X | | | 150,000.00 | 0.00 |

  _0_  continuation sheets attached

| | | |
|---|---|---|
| Subtotal ▶<br>(Total of this page) | $  59,529,686.34 | $  0.00 |
| Total ▶<br>(Use only on last page) | $  59,529,686.34 | $  0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re  MSR Hotels & Resorts, Inc.                    ,          Case No.  13-11512-SHL
_____          _____
                    *Debtor*                                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."        If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts *not* entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) – Cont.

In re   MSR Hotels & Resorts, Inc.                        ,     Case No.   13-11512-SHL
_____                              _____
              *Debtor*                                                  *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____ continuation sheets attached

B6E (Official Form 6E) (04/13) – Cont.

In re __MSR Hotels & Resorts, Inc._____,        Case No. __13-11512-SHL_____
                    *Debtor*                                        *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

11 U.S.C. § 507(a)(2)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>Internal Revenue Service<br>11601 Roosevelt Blvd, Mail N781<br>Philadelphia, PA 19255 | | | Tax year 2013 and incurred as a result of sale of assets by subsidiary | X | X | | | | |
| Account No.<br><br> | | | | | | | | | |
| Account No.<br><br> | | | | | | | | | |
| Account No.<br><br> | | | | | | | | | |
| Sheet no. __1__of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims | | | Subtotals► (Totals of this page) | | | | $ | $ | |
| | | | Total► (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | | | | $ | | |
| | | | Totals► (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | $ | $ |

B 6F (Official Form 6F) (12/07)

In re   MSR Hotels & Resorts, Inc.                              ,        Case No.   13-11512-SHL
           Debtor                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>CNL Plaza Ltd.<br>P.O. Box 535370<br>Atlanta, GA 30353-5370 | | | Rent | | | | 118,634.19 |
| ACCOUNT NO.<br>Retrievex<br>P.O. Box 415938<br>Boston, MA 02241-5938 | | | Trade Debt | | | | 2,642.98 |
| ACCOUNT NO.<br>Iron Mountain<br>P.O. Box 27178<br>New York, NY 10087-7128 | | | Trade Debt | | | | 1,030.34 |
| ACCOUNT NO.<br>Superior Data Storage Inc<br>P.O. Box 5785<br>Lincoln, NE 68505 | | | Trade Debt | | | | 289.78 |
| | | | | | | Subtotal➤ | $ 122,597.29 |
| _1_ continuation sheets attached | | | | | | Total➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re __MSR Hotels & Resorts, Inc._____ ,          Case No. ___13-11512-SHL_____
              **Debtor**                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Abby's Mini Storage<br>3311 Truxtun Ave.<br>Bakersfield, CA  93301 | | | Trade Debt | | | | 220.00 |
| ACCOUNT NO.<br><br>Midland Loan Services, Inc.<br>Attn: Kevin S. Semon<br>10851 Mastin, 6th Floor<br>Overland Park, KS 66210 | X | | Deficiency Claim under Trademark Security Agreement | X | X | X | 0.00 |
| ACCOUNT NO.<br><br>Five Mile Capital SPE B LLC<br>Attn: Jim Glasgow<br>Three Stamford Plaza<br>301 Tresser Blvd., 9th Floor<br>Stamford, CT 06901 | | | Pending Litigation | X | X | X | 0.00 |
| ACCOUNT NO.<br><br><br> | | | | | | | |
| ACCOUNT NO.<br><br><br> | | | | | | | |

Sheet no.___1__ of __1__ continuation sheets attached          Subtotal➤    $
to Schedule of Creditors Holding Unsecured                                            220.00
Nonpriority Claims

                                                                        Total➤    $
(Use only on last page of the completed Schedule F.)                              122,817.29
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  MSR Hotels & Resorts, Inc.                    ,          Case No.  13-11512-SHL
                    **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Roetzel & Andress<br>222 South Main Street<br>Akron, Ohio 44308 | Sublease Agreement, dated as of June 15, 2007, between MSR Hotels & Resorts, Inc. (f/k/a CNL Hotels & Resorts, Inc.) and Roetzel & Andress |
| APC Workforce Solutions, LLC<br>111 North Orange Avenue<br>Suite 1400<br>Orlando, Florida 32801 | Sublease Agreement, dated as of July 13, 2007, between MSR Hotels & Resorts, Inc. (f/k/a CNL Hotels & Resorts, Inc.) and APC Workforce Solutions, LLC |
| CNL Plaza II, Ltd.<br>c/o CNL Realty & Development Corp.<br>450 South Orange Avenue<br>Orlando, Florida 32801 | Office Lease Agreement, dated as of November 23, 2005, between CNL Plaza II, Ltd. and MSR Hotels & Resorts, Inc. (f/k/a CNL Hospitality Corp.) |
| 450 Lex Private Limited and C Hotel Mezz Private Limited<br>c/o GIC Real Estate Inc.<br>335 Madison Avenue, 24th Floor<br>New York, New York 10017 | License Agreement, dated as of December 9, 2011, and effective as of April 12, 2007, between MSR Hotels and Resorts, Inc. and the licensees party thereto |
|  |  |
|  |  |

B 6H (Official Form 6H) (12/07)

In re   MSR Hotels & Resorts, Inc.          ,          Case No.   13-11512-SHL
                **Debtor**                                    **(if known)**

# SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| MS Resort Purchaser LLC [Contingent] | Midland Loan Services Inc Kevin S Semon 10851 Mastin, 6th Floor Overland Park, KS 66210 |

In re    MSR Hotels & Resorts, Inc.    ,    Case No.    13-11512-SHL
                    Debtor                                                      (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____
                                                                            Debtor

Date _____    Signature: _____
                                                                    (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                            *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____    _____
  Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the    Authorized Signatory    [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the    corporation    [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19__ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date    05/22/2013    

                                            Signature:    /s/ Daniel Kamensky
                                                                    Daniel Kamensky, Authorized Signatory
                                                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.